**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **Kootenia Homes, Inc.** | ) | **Civil Action No. 00-CV-1117** |
| **Plaintiff,** | ) | **STIPULATION FOR PROTECTIVE** |
| **vs.** | ) | **ORDER AND CONFIDENTIALITY AGREEMENT** |
| **Reliable Homes, Inc.; Rick Toston; Michael Gleason; John Doe and Mary Roe,** | ) | |
| **Defendants.** | ) | |

* * * * * * * * * * * * *

IT IS HEREBY STIPULATED AND AGREED by the parties that the attached Protective Order, being necessary to facilitate discovery, be entered by the Court.

Dated: 1/11, 2001

BEST & FLANAGAN

By Barbara Ross

Barbara Ross #182941
Suite 4000
400 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402
(612) 339-7121

Attorney for Plaintiff

Dated: 1/11, 2001

FELHABER, LARSON, FENLON & VOGT

By [signature]

Robert L. Bach, #37366
601 Second Avenue South, Suite 4200
Minneapolis, Minnesota 55402-4302
Telephone: (612) 339-6321

Attorneys for Defendants

FILED JAN 16 2001
CLERK
DEPUTY CLERK

::ODMA\GRPWISE\FELLAW.MPLS.MPLS Doc Library:162636.1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KOOTENIA HOMES, INC.,

Plaintiff,

v.

RELIABLE HOMES, INC.;
RICK TOSTON; MICHAEL GLEASON;
JOHN DOE and MARY ROE,

Defendants.

Civil Action No. 00-CV-1117
ADM/AJB

**PROTECTIVE ORDER**

It appearing that a Protective Order is necessary and appropriate, and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. Any party may designate information or documents, used or disclosed in connection with this action "CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each party, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. Only information that a party in good faith believes contains or refers to trade secrets or confidential business or financial information or other confidential or proprietary information concerning or relating to one or more of the parties or of others that are possessed by a party, may be designated as "CONFIDENTIAL" .

2. A document may be designated as confidential by stamping or otherwise clearly marking each page of the document believed to contain Confidential Information with the word "Confidential," and the parties agree to be bound by such designation.

3. Confidential Information shall be used by the receiving parties and the persons identified in paragraph 5 only for purposes of and in connection with the litigation that is ongoing between the parties hereto, and for no other purposes. The parties or their attorneys shall not

duplicate any Confidential Information except to provide working copies, to provide copies for depositions, hearings or trial, for filing in court under seal, or for purposes of disclosure to persons to whom Confidential Information may be disclosed as provided in paragraph 5 below. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information.

4. Documents or information disclosed in the course of a deposition or oral testimony may be designated as confidential by noting a claim of confidentiality on the record pursuant to this Order at the time of the deposition, or within ten (10) working days of the party's receipt of the deposition transcript. Until the expiration of the ten (10) day period following receipt of the transcript, the entire deposition transcript shall be treated as Confidential Information under this Order. If no party timely designates Confidential Information in a deposition, then neither the transcript nor any exhibits (except those previously designated as confidential) will be treated as confidential. If a timely designation is made, the designated confidential portions of the deposition transcript and documents designated as confidential shall be treated as Confidential Information and shall be filed under seal to the extent such materials are filed with the Court. Any person who is permitted under paragraph 5 of this Order to see particular Confidential Information may also see those portions of deposition transcripts and testimony discussing, quoting from, or otherwise concerning said information.

5. Confidential Information may only be shown or disclosed by the receiving party to the following persons:

a. The named parties;

b. Counsel for such party, including both in-house and outside counsel, their partners and associates, and stenographic, secretarial, paralegal and clerical employees;

c. Executives or other personnel of such party who assist in pre-trial preparations or the trial of this action;

d. Experts or consultants retained by such party;

e. Any person who prepared or originated the document or who is indicated on its face as a recipient of the original or copy thereof or who otherwise legitimately received a copy of the document in the ordinary course of business; and

f. The court, court personnel, witnesses, jurors and court reporters.

6. Prior to the disclosure of Confidential Information to any person listed in paragraphs 5(c) and 5(d) above, the receiving party shall:

a. Provide such person with a copy of this Protective Order; and

b. Obtain from such person a signed statement in the form attached hereto as Exhibit A. Such statement shall be retained by the party and need not be filed with the court or served upon opposing counsel unless required by court order.

7. Any person listed in paragraph 5 who has received any Confidential Information shall:

a. Read this Order;

b. Use such Confidential Information only for purposes in connection with this litigation; and

c. Not disclose or discuss such Confidential Information with any person other than those already subject to the terms of this Order.

8. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient of Confidential Information under the terms of this Order. If, during the course of a deposition, an appropriate response to a question would require the disclosure of Confidential Information or an answer discloses Confidential Information, the witness may refuse to answer or the party or nonparty whose Confidential Information is being disclosed may instruct the witness not to answer or not to complete his

answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room. If it becomes necessary for a party to use designated Confidential Information in a deposition of a witness who would not be able to review such document or information because of the restrictions of this Protective Order, that witness will be able to review such document or information during the deposition only in accordance with the following procedures. Counsel taking the deposition shall identify such Confidential Information to counsel for the party or nonparty designating the same as confidential as soon as reasonably possible in advance of the deposition, and no later than prior to the beginning the deposition, outside the presence of the witness. If the designating party's counsel objects to disclosure of the document or information to the witness, the document or information will not be disclosed to the witness unless and until the witness has been advised of the requirements of and given a copy of this Protective Order, and the witness acknowledges on the record at such deposition that he or she understands this Protective Order, and agrees to be bound by its terms. Such witness shall not be given a copy of any such Confidential Information to take from the place of deposition nor shall the person be permitted to make notes of or otherwise reproduce such Confidential Information.

9. Any court reporter who transcribes testimony in this action at a deposition shall be required to agree, before transcribing any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order; that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or shall be delivered to the nonparty's attorney or an attorney of record, or filed under seal with the Court.

10. Confidential Information produced in this action can be used in the taking of third-party depositions as long as the third-party deponent has either signed Exhibit A, or some other

stipulated protective order in form satisfactory to all parties, or the parties have made such other arrangements to maintain the confidentiality of Confidential Information as they deem appropriate. This Protective Order and the attached Exhibit A shall be served with each third-party deposition subpoena. In the event that the third-party deponent refuses to sign the protective order, then the parties shall cooperate either to obtain a protective order from the court or agree to such other arrangement as are reasonably acceptable to all persons involved.

11. No information shall be designated as Confidential Information unless the party or nonparty making such designation has a good faith belief that the information: (a) constitutes confidential information of a producing party's client; or (b) is not known and not readily available to competitors or potential competitors of such party or nonparty, and that disclosure to, or use of the information by a competitor or potential competitor, could substantially injure the designating party or nonparty.

12. Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential. Nothing herein shall prevent either party from contending, during the progress of this lawsuit, that any or all such information is not confidential.

13. Any party may request from any nonparty a change in the designation of any Confidential Information. Such request shall be in writing, stating the grounds therefore, served on counsel for the other party and nonparty. The requested change shall not occur unless permission shall be granted in writing by the producing party or nonparty. In the event that the parties or nonparty cannot resolve their differences by agreement and a court determination is sought, the party seeking the change in designation from the nonparty shall have the burden of establishing the need therefore.

14. If a document or thing containing Confidential Information, including without limitation any brief or memoranda, is filed with the Court, it shall be filed with the clerk of the court in a sealed envelope marked with the caption of the case, a schedule of contents of the envelope, and the following notation:

> "Contains CONFIDENTIAL INFORMATION Under a Protective Order; To Be Opened Only By Or As Directed By The Court."

15. Should need arise during the trial or any hearing before the Court for any party to disclose Confidential Information, it may do so only after providing notice to the party or nonparty designating the information as confidential. If the producing nonparty does not consent to the change in designation, the party seeking the disclosure has the burden to make the appropriate motion with the Court to disclose the Confidential Information.

16. On final termination of this action, each party or other persons subject to the terms hereof shall assemble and destroy or return to the producing party or nonparty all materials, documents and things produced in this action, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing Confidential Information. If a party chooses to destroy such materials, that party shall certify to the producing party or nonparty the destruction of all such materials. Notwithstanding the foregoing, counsel of record for each party may retain one copy of each document constituting or containing Confidential Information solely for reference in the event of a dispute over the use or dissemination of Confidential Information in violation of the terms of this Protective Order.

17. Any party for good cause may apply to the Court for a modification of this Protective Order.

IT IS SO ORDERED.

Dated: 1/16, 2001

BY THE COURT:

By Magistrate Judge Arthur J. Boylan

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.