**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Kootenia Homes, Inc.,

Plaintiffs,

v.

Reliable Homes, Inc.; Rick Toston; Michael Gleason; John Doe and Mary Roe,

Defendants.

Civil No. 00-1117 (ADM/AJB)

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for leave to amend the complaint to add additional party defendants [Docket No. 9]. Hearing was held on January 17, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Barbara M. Ross, Esq., appeared on behalf of the plaintiff. Robert L. Bach, Esq., appeared on behalf of the defendants. The proposed additional defendants, Anne Weisensee and Todd Purtell, were not represented.

Based upon the file, memorandums, and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiff's motion for leave to amend the complaint is **granted** [Docket No. 9]. Plaintiff may serve an amended complaint naming Anne Weisensee and Todd Purtell as additional defendants in this action. The amended complaint shall be served upon all defendants on or before February 1, 2001. **IT IS FURTHER ORDERED THAT** the deadline for adding any additional parties in this action is extended to February 17, 2001.

FILED JAN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

Dated: 1/19/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff in this matter seeks to amend the complaint to add Anne Weisensee and Todd Purtell as additional defendants. Defendant opposes an order granting leave to amend, asserting that the proposed defendants were previously known to the plaintiff; that no new facts have come to light since the initial complaint was served; and that the Court should therefore view the amendment with skepticism.

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The court has broad discretion in determining whether to grant leave to amend. Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962). In this instance the motion to amend to add a party is timely, relates to the same set of circumstances, and is not shown to be futile as a matter of law. The motion is therefore granted.

It is presently uncertain whether the introduction of new parties, and possibly new counsel, into this case will affect pretrial and trial scheduling. However, counsel for both plaintiff and defendants assert no objection to a extension of the discovery deadlines and adjustments to the Scheduling Order to accommodate additional parties and counsel. Modest modifications to the Pretrial Scheduling Order may be submitted to the Court for approval upon written stipulation by counsel.